by the agreement, specifically retain the right to vote the stock given to the employees or to direct how it should be voted, but he did retain the right to control its disposition. It could not, under the terms of the agreement, be sold to anybody except him and it was at all times within his power to sever the connection of any employee with Isse Koch & Company, Inc., and to require the stock to be delivered to him for an amount equal to its book value. An employee might refuse to vote his stock in accordance with the desire of Koch, but he would thereby render himself liable to the loss of his employment and the surrender of his stock. It may be assumed, in view of the relatively small amount of stock held by the employees, that they were more vitally interested in holding their positions with Isse Koch & Company, Inc., than in exercising stockholders' rights.

The evidence in this case, it seems to us, shows clearly that, during the year 1918, Koch had the power to control the shares of stock of Isse Koch & Company, Inc., held by persons other than himself. Koch not only held potential control of the stock but such control was actually exercised, as evidenced by a number of circumstances existing in the conduct of the affairs of the two companies.

We are of the opinion, upon consideration of the evidence presented, that during the year 1918, Koch owned or controlled all the stock of Isse Koch & Company, Inc., and the Norko Realty Corporation, and that the two corporations were affiliated during that year within the purview of section 240 (b) (2) of the Revenue Act of 1918 and should be permitted to file a consolidated return.

---

Appeal of CHARLES A. HOLMAN.          Docket No. 637.

Submitted February 18, 1925; decided February 27, 1925.

*Mr. Charles A. Holman*, the taxpayer, *pro se.*
*Ward Loveless, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

#### FINDINGS OF FACT

1. The taxpayer is a Georgia proprietorship with offices at Savannah, Ga.
2. The tax in controversy is income tax for the calendar year 1918, and involves a deficiency of $2,034.06.
3. The taxpayer kept his books of account on an accrual basis for the calendar year 1918, but presents this appeal to the Board on the allegation that the Commissioner erred in refusing to permit him to make his income-tax return on an installment plan basis for the same year.

#### DECISION.

The determination by the Commissioner is approved.